O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICIA RIOS, | ) | CASE NO. CV 12-07586 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

        Plaintiff complains that the Commissioner lacked substantial evidence for concluding that Plaintiff either did not have sleep apnea or that the sleep apnea was not a severe impairment. The Court agrees.

        The Administrative Law Judge stated that Plaintiff's treating physician Dr. Chang could not confirm Plaintiff's sleep apnea. [AR 24] This refers to an incident when Plaintiff was hospitalized for a fall, not for sleep apnea. Plaintiff's oxygen level decreased, and the discharge diagnosis was that this was probably due to obstructive sleep apnea, with a narcotic interaction. Although a plan was developed for Plaintiff to undergo sleep tests, whether that occurred, and if so what the results were, does not appear. [AR 196-97] Nevertheless, the record contains numerous references to sleep apnea, including in Dr. Chang's progress notes. [AR 297, 299, 301, 324-26] Dr. Chang did, after all, prescribe a CPAP unit for Plaintiff to use — both before and after the hospitalization —

a clear indication that he thought Plaintiff suffered from sleep apnea. To the extent, therefore, that the Administrative Law Judge was determining that sleep apnea was not an impairment at all, that decision was not backed by substantial evidence.

The Administrative Law Judge also wrote that "[a]t most, the claimant has a nonsevere sleep disorder." [AR 24] This statement was based on his prior statement that "[t]he record does not contain any objective evidence of complications from sleep apnea or any sleep disorder." [*Id.*] This too was error.

The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions.

The Ninth Circuit also has approved the Commissioner's approach to determining severity when the record is not entirely clear:

> The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not

> severe evaluation step." S.S.R. No. 85-28 (1985). Step two, then, is a "de minimis screening device [used] to dispose of groundless claims," *Smolen,* 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28.

*Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The Administrative Law Judge did not believe Plaintiff's statement that, because of her sleep problems, she limits her driving. The Administrative Law Judge thought that this was not credible because, if Plaintiff were concerned about falling asleep she would not drive at all, and the doctor had not prohibited her from driving. The Administrative Law Judge also thought that, if Plaintiff's sleep apnea had imposed significant limitations, that the doctor would have said so in his medical source statement. Finally, the Administrative Law Judge noted that the doctor provided no treatment other than providing a CPAP unit. [AR 25-26]

All these might be valid evidentiary points on the issue of disability itself, particularly if sleep apnea were the only impairment and were to be considered in isolation. But they are not sufficient to determine that the impairment was not severe. They overlook the statement of the intake clerk that Plaintiff fell asleep while providing information during the intake session [AR 140]; that Plaintiff said that she could not perform her daycare work in part because she fell asleep [AR 143]; and that, at the time of the hospitalization in 2007, Plaintiff's daughter reported that Plaintiff's somnolence had been increasing [AR 197]. Lay evidence, of course, is evidence that *must* be considered, and reversal is required unless it can be said that, crediting the lay evidence as true, the result nevertheless would have been the same. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006). That clearly cannot be said here.

Under the circumstances of this case, the determination that Plaintiff did not have a severe impairment of sleep apnea was not backed by substantial evidence. Therefore, the matter must be returned to the Commissioner, who should consider Plaintiff's sleep apnea, in combination with any other impairments that Plaintiff has. The Administrative Law Judge, of course, has the authority to contact Plaintiff's physician further to clarify any ambiguities in the record, and to ask the physician his opinion of the impact of Plaintiff's sleep apnea on her ability to function.

IT IS SO ORDERED.

DATED: May 2, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE